## IN THE UNTIED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CHERYL D. MCGEE, TINA MCGEE**
**LUCILLE MCGEE and PRESTON MCGEE, SR.**                    **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO.: 3:20-cv-00525-DCB-JCG**

**JUPITER ENTERTAINMENT HOLDINGS,**
**HEADLINE NEWS NETWORK (HLN),**
**ROBERT SHULER SMITH, JERMAINE PULLUM AND**
**JOHN AND JANE DOES 1-10**                        **DEFEDANTS**

---

### CITY OF JACKSON'S MOTION TO DISMISS
---

     **COMES NOW**, the Defendant, the City of Jackson, by and through the undersigned counsel pursuant to the rules of Federal Civil Procedure and other applicable authority and submits this motion to dismiss Plaintiffs' Amended Complaint against the City of Jackson.  In support thereof, the City of Jackson states as follows:

### Brief Statement of Plaintiffs' Allegations

     Plaintiffs filed this action against the City of Jackson on June 25, 2020, alleging that former Jackson Police Department Detective, Jermaine Pullum was interviewed for an episode of a television program entitled "Killer Lovers: Deadly Double Life" ("Episode") that wrongfully depicted Plaintiff Cheryl McGee's image and identity. Ms. McGee alleged that Defendant Jupiter Entertainment interviewed Mr. Pullum for the offending Episode, and that Defendant Jupiter Entertainment aired the offending Episode that included Mr. Pullum's interview on March 31, 2019.

## Procedural History

The City of Jackson received Plaintiffs' notice of intent to file a lawsuit against the City of Jackson on March 23, 2020. Their notice indicated that 'former' Jackson Police Department Detective Jermaine Pullum's was involved in the creation of the offending Episode. Plaintiffs' notice claimed that Defendant Jupiter Entertainment produced the offending Episode in 2018 and/or 2019, and that 'former' Jackson Police Department Detective Jermaine Pullum was involved 'in the misappropriation of [Plaintiff Cheryl McGee's] identity and the creation of [the offending Episode].' Plaintiffs then filed their lawsuit against the City of Jackson in the Circuit Court of Hinds County, Mississippi, on June 25, 2020. Plaintiffs' amended complaint included the following causes of action: invasion of privacy, negligence, breach of contract, negligent infliction of emotional distress, slander and defamation, and misuse of public office/employment.  The City of Jackson was served on July 13, 2020 and answered on August 12, 2020. Defendant Jupiter Entertainment filed a notice of removal that same day, August 12, 2020.

## Argument

Jermaine Pullum retired from the Jackson Police Department on October 4, 2016. Mr. Pullum was not a City of Jackson employee when Jupiter Entertainment produced the offending Episode in 2018 or 2019. More significantly though, Plaintiffs failed to allege otherwise. To successfully claim that the City of Jackson could be liable for Plaintiffs' purported injuries resulting from Mr. Pullum's involvement in the production of the offending Episode, Plaintiffs must first claim that Mr. Pullum did so while employed with the City of Jackson. Plaintiffs allegations on every count are completely void of the threshold claim that Mr. Pullum's involvement occurred while he was employed with the City of Jackson. Plaintiffs' claims against the City of Jackson are

beyond their reach without first alleging Mr. Pullum was a City of Jackson employee acting within the course and scope of his employment at the time he committed the alleged wrongful acts.

> **A. Pursuant to the Mississippi Tort Claims Act, the City of Jackson could never be liable for damages to an individual that were caused by a non-City of Jackson employee. Mr. Pullum was a City of Jackson retiree, not employee, when Jupiter Entertainment produced the offending Episode in 2019, and aired the offending Episode on March 31, 2019. Consequently, the City of Jackson cannot be responsible for Plaintiffs' purported injuries allegedly caused by Mr. Pullum after his employment ended with the City of Jackson.**

The Mississippi Tort Claims Act (MTCA) codifies the Mississippi Legislature's waiver and retention of sovereign immunity for the torts of governmental entities and their employees acting within the course and scope of their employment. Jeffrey Jackson & Mary Miller, *Encyclopedia of Mississippi Law*, Vol. 8, § 67:7 (2006). The MTCA provides the exclusive civil tort remedy against a governmental entity, and as such, dictates the designations of governmental employee and course and scope of employment. Under the Act, an employee is defined as

> [a]n officer, employee or servant of the State of Mississippi or a political subdivision of the state, including elected or appointed officials and persons acting on behalf of the state or a political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation, including firefighters who are members of a volunteer fire department that is a political subdivision.

Miss. Code Ann. §11-46-1.

When determining whether an employee is acting within the course and scope of their employment, the MTCA provides that any act or omission of an employee within the time and at the place of his employment is within the course of scope of his employment. Miss. Code Ann. §11-46-7(7). Our courts have established precedent

consistent with this provision that defines "[c]ourse of employment" as "events that occur or circumstances that exist as part of one's employment; esp., the time during which an employee furthers an employer's goals through employer-mandated directives. *Meeks v. Miller*, 956 So.2d 864, 867 (Miss. 2007) (citations and alterations omitted). "Scope of employment" is defined as "the range of reasonable and foreseeable activities that an employee engages in while carrying out the employer's business." *Id*.

Plaintiffs sued Mr. Pullum in his official capacity without alleging that Mr. Pullum was a City of Jackson employee acting within the course and scope of his employment at the time his involvement in the production of the offending Episode. City of Jackson Personnel Records show that Mr. Pullum retired from the City of Jackson on October 4, 2016. Plaintiffs alleged that Jupiter Entertainment produced the offending Episode in 2019, and aired it on March 31, 2019, over three years after Mr. Pullum's retirement from the City of Jackson. Plaintiffs' claims are missing the key assertion that Mr. Pullum was employed with the City of Jackson acting within the course and scope of his employment during either the production of the Episode or the release of Episode. Plaintiffs' Amended Complaint is void of any assertion that Mr. Pullum committed any offending acts while he was employed with the City of Jackson acting within the course and scope of his employment. Under the MTCA, the absence of such requires dismissal of Plaintiffs' invasion of privacy, negligence, negligent infliction of emotional distress, slander and defamation claims.

**B. Breach of Contract**

"A breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the defendant party has broken, or breached it." *Bissette v. University of Mississippi Medical Center*, 282 So.3d 507, 515

(Miss.Ct.App. 2019) (quoting *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 414 (¶43) (Miss. 2018). Having established Mr. Pullum was not employed with the City of Jackson when he signed the release in 2018, the City of Jackson is not a party to the release. *Id*. Consequently, the City of Jackson could never breach the terms of said release. *Id*. A public board "speaks and acts only through its minutes." *Wellness, Inc. v. Pearl River Cty. Hosp.*, 178 So.3d 1287, 1290 (¶ 9) (Miss. 2015). The minutes "are the sole and exclusive evidence of what the board did" and "must be the repository and the evidence of their official acts." *Pike Cty., Miss. ex rel. Bd. of Supervisors v. Indeck Magnolia, LLC*, 866 F.Supp.2d 589, 591–92 (S.D. Miss. 2012) (quoting *Thompson v. Jones Cty. Cmty. Hosp.*, 352 So.2d 795, 796 (Miss. 1977)). Plaintiffs' Amended Complaint is completely void of any assertion of minutes authorizing Mr. Pullum's execution of the release.

## Conclusion

The City of Jackson could never be liable for damages to an individual that were caused by a non-City of Jackson employee. Mr. Pullum was a City of Jackson retiree, not employee, when Jupiter Entertainment produced the offending Episode in 2019, and aired the offending Episode on March 31, 2019. Consequently, the City of Jackson cannot be responsible for Plaintiffs' purported injuries allegedly caused by Mr. Pullum

after his employment ended with the City of Jackson.

RESPECTFULLY SUBMITTED, this the 19th day of August, 2020.

**CITY OF JACKSON**

By:     */s/ Kristen Love*
Kristen Love, MSB # 103841

**OF COUNSEL:**

OFFICE OF THE CITY ATTORNEY
455 East Capitol Street
Post Office Box 2779
Jackson, MS 39207-2779
Office:      601-960-1799
Facsimile:    601-960-1756

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2020, I electronically filed the foregoing with

the Clerk of the Court using the ECF system which sent notification of such filing to all

counsel of record.

So certified, this the 19th day of August, 2020.

_____ */s/ Kristen Love* _____