IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHERYL D. McGEE, TINA McGEE,                              PLAINTIFFS
LUCILLE McGEE and PRESTON McGEE, Sr.

VS.                    CIVIL ACTION NUMBER: 3:20-cv-00525-DCB-JCG

JUPITER ENTERTAINMENT HOLDINGS, et al.                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand [ECF No. 14] (the "Motion") filed by Cheryl D. McGee, Tina McGee, Lucille McGee and Preston McGee, Sr. (collectively, "Plaintiffs").  Having carefully considered the Motion and supporting memorandum, the response in opposition and supporting memorandum filed by Defendant Jupiter Entertainment Holdings, LLC ("Jupiter"), the Plaintiffs' rebuttal, other relevant pleadings, and applicable law, and being fully advised in the premises, the Court finds as follows:

With the consent of one other defendant,[1] Jupiter removed this action from the Circuit Court of the First Judicial

---

[1] Cable News Network, Inc. ("CNN"), which operates the named defendant, Headline News Network, appeared specially for the sole purpose of joining and consenting to Jupiter's removal of the action.  See Consent [ECF No. 1-3].

1

District of Hinds County, Mississippi, on the grounds of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446. [ECF No. 1] ("Notice of Removal").  Defendants Jermaine Pulum ("Pulum")[2] and Robert Schuler Smith ("Smith") did not consent to the removal, but Jupiter argues that Pulum and Smith were fraudulently joined to the lawsuit for the sole purpose of defeating diversity jurisdiction; thus, their consent was not necessary.  Notice of Removal, ¶¶ 10, 22, 25; Jupiter's Memorandum of Law in Opposition to Plaintiffs' Motion to Remand [ECF No. 34] ("Opposition Brief") at 4-5.

Plaintiffs oppose the removal and have moved this Court to remand the case to the Hinds County Circuit Court on the grounds that, because Smith is a Mississippi resident, complete diversity of citizenship does not exist between the plaintiffs and all defendants in this lawsuit.  Memorandum of Authorities in Support of Motion to Remand [ECF No. 15] ("Remand Brief") at 3.  In the absence of complete diversity, this Court lacks

---

[2]Plaintiffs note that they executed a proposed stipulation of dismissal for Defendant Pulum because they learned that he was not an employee of the City of Jackson at the time in question. Motion at 2 & n.1; Remand Brief at 2 & n.1.  According to Plaintiffs, the stipulation was sent to Jupiter's counsel on September 2, 2020.  Id.  As of the date of this Order, no such stipulation of dismissal has been filed in this action. However, because Plaintiffs concede that Pulum shall be dismissed from this action (id.), which Jupiter acknowledges (Opposition Brief at 4), the Court's improper joinder analysis (like the parties' pleadings and legal memoranda) will focus on whether Smith was improperly joined.

subject matter jurisdiction, and the case must be remanded. Id., see 28 U.S.C. § 1447(c).  Jupiter counters that Plaintiffs cannot state a claim for relief against Smith, his joinder was therefore improper, and Smith's Mississippi citizenship cannot be used to support remand to state court.  Response in Opposition to Plaintiffs' Motion to Remand [ECF No. 33] ("Opposition") ¶¶ 5-6.

This matter arises from the defendants' alleged use, without permission, of plaintiff Cheryl D. McGee's image and identity in a true crime entertainment video.  First Amended Complaint [ECF No. 1-1, pp. 22-37] ("FAC") ¶¶ 1-3.  The parties agree that, at the time the FAC was filed in state court, all plaintiffs other than Preston McGee, Sr., were resident citizens of Mississippi.  FAC ¶ 4; Notice of Removal ¶ 20.  Plaintiff Preston McGee, Sr., was a resident citizen of Washington, D.C. at that time.  Id.  Regarding the citizenship of the defendants, the parties do not dispute that Smith and Pulum were Mississippi residents when the FAC was filed (FAC ¶ 3; Notice of Removal ¶ 22), although Jupiter argues that their citizenship must be ignored for the purposes of this Court's removal analysis. Notice of Removal ¶ 22.  Jupiter asserts, without challenge from the Plaintiffs, that it is a Delaware limited liability company with its principal place of business in Tennessee.  Notice of Removal ¶ 21.  Jupiter further asserts that its two members are:

3

(i) a corporation organized under the laws of England and Wales with its principal place of business in the United Kingdom; and (ii) a Tennessee limited liability company whose only member is an individual citizen of Tennessee. Id. Jupiter also claims, without challenge, that CNN is incorporated in Delaware and has its principal place of business in Georgia. Id.; see supra text accompanying note 1 of this Memorandum Opinion and Order.

A defendant may effect proper removal of a case from state court to federal district court where the action is one over which the federal district court has original jurisdiction. See 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removing party bears the burden of establishing that a state court suit is properly removable to federal court. E.g., Energy Mgmt. Servs., LLC v. City of Alexandria, 739 F.3d 255, 257 (5th Cir. 2014); Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002); Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000); see also Griffith v. Alcon Research Ltd., 712 F.App'x 406, 408 (5th Cir. 2017). In improper joinder cases, "the 'burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal.'" McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir.2005)(quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir.1999)). Doubts about

4

the propriety of removal are to be resolved in favor of remand. Manguno, 276 F.3d at 723; Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000); see also Gash v. Hartford Accident & Indemnity Company, 491 F.3d 278, 281-282 (5th Cir. 2007)("The removal statute is ... to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."). "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." Palermo v. Letourneau Tech., Inc., 542 F.Supp.2d 499, 506 (S.D. Miss. 2008)(citing Willy v. Coastal Corp., 855 F.2d 1160, 1163-64 (5th Cir. 1988)). Any ambiguities in state law are to be decided in favor of the party seeking remand. Ross v. Citifinancial, Inc., 344 F.3d 458, 463 (5th Cir. 2003); see also Delgado v. Shell Oil Co., 231 F.3d 165, 181 (5th Cir.2000) (holding that fraudulent joinder was not proven in light of various unresolved issues of Texas law); Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir. 1990) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 551 (5th Cir.1981)). Because all ambiguities in state law must be resolved in favor of the non-removing party, the court should not make an "Erie guess" as to the viability of a disputed claim in the context of an improper joinder determination. Delgado, 231 F.3d at 181; Bradley v. Virginia College of Jackson, et al.,

5

Nos. 3:07-cv-00258-266-DPJ-JCS, 2008 WL 104098, at *3 (S. D. Miss. Jan. 7, 2008); Duhon v. Trustmark Bank, No. 1:06-cv-718-LG, 2007 WL 627889, at *4 (S.D. Miss. Feb. 25, 2007) ("Applying an *Erie* guess to Mississippi substantive law at this stage puts the cart before the horse and is inconsistent with the notion that all ambiguities in the controlling state law are resolved in favor of the plaintiff.").

In order to carry its burden of proving improper joinder, the removing party has two options: it must establish that (i) there has been outright fraud in the pleading of jurisdictional facts, or (ii) there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)(en banc); Griggs, 181 F.3d at 699.  In this case, Jupiter is pursuing the second option.

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  Smallwood, 385 F.3d at 573. In most cases, there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge.  Id.  In the rare cases where a plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may,

in its discretion, pierce the pleadings and conduct a summary inquiry." Id.  In sum, the court does not determine whether a plaintiff will actually or even probably prevail on the merits of a claim; rather, the court looks only for a possibility that the plaintiff might do so.  B., Inc., 663 F.2d at 549-51; Duhon, 2007 WL 627889, at *3.

Jupiter has analyzed in detail the elements of each claim that Plaintiffs have alleged against Smith.  Starting with Plaintiffs' claims under the Mississippi Tort Claims Act ("MTCA"), Jupiter argues that Plaintiffs failed to satisfy the statutory pre-suit notice requirement, which Plaintiffs dispute with written proof of pre-suit notice.  [ECF Nos. 37-1 & 37-2]. In reliance on Arthur v. Tunica Cty., 31 So.3d 653, 655 (Miss. Ct. App. 2010), Jupiter claims that a plaintiff's failure to include in its pleadings the fact of compliance with the MTCA notice requirements is grounds for dismissal.  Opposition Brief at 10.  The Court is not persuaded by Jupiter's interpretation of the holding in Arthur, and will accept as true, as it must, Plaintiffs' allegations regarding satisfaction of the MTCA's pre-suit notice requirement.  E.g., Palermo, 542 F.Supp.2d at 506.

Jupiter next argues that Plaintiffs' claims against Smith for defamation, slander and invasion of privacy are barred under

the MTCA because the state is immune from such claims. Opposition Brief at 10; see Miss. Code Ann. § 11-46-5.[3] Smith was District Attorney of Hinds County, Mississippi, during the relevant period, and Plaintiffs have sued him in his official capacity.  FAC ¶ 5.  Jupiter cites a Mississippi Court of Appeals decision, Mark v. City of Hattiesburg, 2019 WL 125656 (Miss. App. May 14, 2019), as support for Jupiter's assertion that claims of slander and invasion of privacy are not

---

[3] Section 11-46-5 of the Mississippi Code provides in pertinent part:

**§ 11-46-5. Waiver of immunity**

(1) Notwithstanding the immunity granted in Section 11-46-3, or the provisions of any other law to the contrary, the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived from and after July 1, 1993, as to the state, and from and after October 1, 1993, as to political subdivisions; provided, however, immunity of a governmental entity in any such case shall be waived only to the extent of the maximum amount of liability provided for in Section 11-46-15.

(2) For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.

...

Miss. Code. Ann. § 11-46-5 (West).

8

actionable against a Mississippi government employee in his official capacity because the state has sovereign immunity. Opposition Brief at 10-11.  However, as Plaintiffs point out (Remand Brief at 8; Plaintiffs' Rebuttal [ECF No. 37] ("Rebuttal") at 4), the Mississippi Supreme Court granted certiorari in Mark and strictly limited its holding to an invasion-of-privacy claim against a city councilman in his individual capacity.  Mark v. City of Hattiesburg, 289 So.3d 294, 296-98(Miss. 2020) (" ... the question before us on writ of certiorari is not whether the city may be liable for Bradley's actions. Instead, the question is whether the mayor and other city council members may be *individually* liable for Bradley's actions.")(emphasis in the original).  Because of the way the plaintiff in Mark pled her case against the city employees individually, the Mississippi Supreme Court did not address an invasion-of-privacy claim against a government employee in his official capacity.  Considering the ambiguity left by the Mississippi Supreme Court's limited holding in Mark, the Plaintiffs deliberately pled their invasion-of-privacy claim against Smith in his official capacity.  Rebuttal at 4.

Jupiter does not address the Mississippi Supreme Court's decision in Mark and cites to no other Mississippi Supreme Court case that interprets the MTCA to prohibit an invasion-of-privacy claim against a government employee in his official capacity.

Under our precedent, this is not the time for an *Erie* guess, and the Court must resolve this ambiguity in Plaintiffs' favor. Delgado, 231 F.3d at 181; Bradley, 2008 WL 104098, at *3; Duhon, 2007 WL 627889, at *4.

Jupiter's remaining attacks on Plaintiffs' invasion-of-privacy claim against Smith, and on Plaintiffs' other claims, focus primarily on the paucity of factual allegations in the FAC to support the theories and elements of those claims under Mississippi law. Opposition Brief at 11-21. Because the Court is obliged to take into account the status of discovery at this point in the litigation (which is none) and what opportunity the Plaintiffs have had to develop their claims against Smith, McKee v. Kansas City S. Ry. Co., 358 F.3d 329, 334 (5th Cir. 2004), the Court is unable to conclude that there is no "possibility of recovery against Smith on any claim" as Jupiter urges. Opposition Brief at 9. Therefore, having fully considered all arguments presented in the parties' submissions, the Court finds that the Plaintiffs' Motion to Remand should be and is hereby granted.

Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's Motion to Remand [ECF No. 14] is GRANTED;

IT IS FURTHER ORDERED that an Order of Remand, remanding this

action to the Circuit Court of the First Judicial District of Hinds County, Mississippi shall be entered of even date herewith.

SO ORDERED, this the 17th day of November, 2020.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE